TERI YIN (SBN 240471)
AZADEH HOSSEINIAN (SBN 306141)
CHANCELA AL-MANSOUR (SBN-164042)
3255 Wilshire Boulevard, Suite 1150
Los Angeles, CA  90010
Tel.:  (213) 387-8400 x1114
Fax:  (213) 381-8555

ATTORNEYS FOR PLAINTIFF(S)

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| THERESA JONES, an individual, DAPHNE WHITE, an individual, and LATANYA COTTON, an individual, | Case No.: CV16-06308-ODW-SK |
| Plaintiffs, | Assigned to Courtroom: 24 The Hon. Steve Kim |
| vs. | **STIPULATED PROTECTIVE ORDER [Discovery Document: Referred to Magistrate Judge Steve Kim]** |
| 1427 POINT VIEW LLC, a California limited liability corporation, ABRAHAM STEIN, an individual, | Action Commenced: 8/23/2016 Trial Date:  Not Set |
| Defendants. | Discovery Cut-Off:  Not Set Law & Motion Cut-Off:  Not Set |

1.   A.   PURPOSES AND LIMITATIONS

As the parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use

-1-

1  extends only to the limited information or items that are entitled to confidential
2  treatment under the applicable legal principles. Further, as set forth in Section 12.3,
3  below, this Protective Order does not entitle the parties to file confidential
4  information under seal. Rather, when the parties seek permission from the court to
5  file material under seal, the parties must comply with Civil Local Rule 79-5 and with
6  any pertinent orders of the assigned District Judge and Magistrate Judge, including
7  any procedures adopted under the Pilot Project for the Electronic Submission and
8  Filing of Under Seal Documents.

9        B.    GOOD CAUSE STATEMENT

10     Southern California Housing Rights Center ("HRC"), counsel for Plaintiff,
11  contends that information regarding the investigative techniques used by the HRC
12  staff and information relating to any investigation carried out by the HRC is
13  confidential and the public disclosure of such information would jeopardize ongoing
14  and future testing of other property owners' practices in the County of Los Angeles,
15  and would tax the limited resources of the HRC by requiring it to continually find
16  and use new anonymous testers and new investigative techniques. *See Shammouh*
17  *v. Karp*, 1996 U.S. Dist. LEXIS 16334 (E.D. Pa. Nov. 5, 1996) (holding good cause
18  exists to treat information regarding the identities of testers and investigative
19  techniques as confidential).

20     Moreover, this action is likely to involve information pertaining to the
21  ownership or operation of the subject property, as well as the financial and personal
22  information pertaining to tenants, employees, independent contractors associated
23  with the management of the subject property, or information otherwise generally
24  unavailable to the public, or which may be privileged or otherwise protected from
25  disclosure under state or federal statutes, court rules, case decisions, or common law.

26     Therefore, in light of the nature of the claims and allegations in this case and
27  the parties' representations that discovery in this case will involve the production of
28  confidential records, and in order to expedite the flow of information, to facilitate

the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1    Action: The instant action: CV16-06308-ODW-SK.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1    2.7    Expert: a person with specialized knowledge or experience in a matter

2  pertinent to the litigation who has been retained by a Party or its counsel to serve as

3  an expert witness or as a consultant in this Action.

4    2.8    House Counsel: attorneys who are employees of a party to this Action.

5  House Counsel does not include Outside Counsel of Record or any other outside

6  counsel.

7    2.9    Non-Party: any natural person, partnership, corporation, association, or

8  other legal entity not named as a Party to this action.

9    2.10   Outside Counsel of Record: attorneys who are not employees of a party

10  to this Action but are retained to represent or advise a party to this Action and have

11  appeared in this Action on behalf of that party or are affiliated with a law firm which

12  has appeared on behalf of that party, and includes support staff.

13    2.11   Party: any party to this Action, including all of its officers, directors,

14  employees, consultants, retained experts, and Outside Counsel of Record (and their

15  support staffs).

16    2.12   Producing Party: a Party or Non-Party that produces Disclosure or

17  Discovery Material in this Action.

18    2.13   Professional Vendors: persons or entities that provide litigation support

19  services (e.g., photocopying, videotaping, translating, preparing exhibits or

20  demonstrations, and organizing, storing, or retrieving data in any form or medium)

21  and their employees and subcontractors.

22    2.14   Protected Material: any Disclosure or Discovery Material that is

23  designated as "CONFIDENTIAL."

24    2.15   Receiving Party: a Party that receives Disclosure or Discovery Material

25  from a Producing Party.

26  3.    SCOPE

27    The protections conferred by this Order cover not only Protected Material (as

28  defined above), but also (1) any information copied or extracted from Protected

-4-

[PROPOSED] PROTECTIVE ORDER

1  Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;
2  and (3) any deposition testimony, conversations, or presentations by Parties or their
3  Counsel that might reveal Protected Material, other than during a court hearing or at
4  trial.

5       Any use of Protected Material during a court hearing or at trial shall be
6  governed by the orders of the presiding judge. This Order does not govern the use
7  of Protected Material during a court hearing or at trial.

8  4.  <u>DURATION</u>

9       Even after final disposition of this litigation, the confidentiality obligations
10  imposed by this Order shall remain in effect until a Designating Party agrees
11  otherwise in writing or a court order otherwise directs. Final disposition shall be
12  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with
13  or without prejudice; and (2) final judgment herein after the completion and
14  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,
15  including the time limits for filing any motions or applications for extension of time
16  pursuant to applicable law.

17

18  5.  <u>DESIGNATING PROTECTED MATERIAL</u>

19       5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>.
20  Each Party or Non-Party that designates information or items for protection under
21  this Order must take care to limit any such designation to specific material that
22  qualifies under the appropriate standards. The Designating Party must designate for
23  protection only those parts of material, documents, items, or oral or written
24  communications that qualify so that other portions of the material, documents, items,
25  or communications for which protection is not warranted are not swept unjustifiably
26  within the ambit of this Order.

27       Mass, indiscriminate, or routinized designations are prohibited. Designations
28  that are shown to be clearly unjustified or that have been made for an improper

-5-

[~~PROPOSED~~]  PROTECTIVE ORDER

1  purpose (e.g., to unnecessarily encumber the case development process or to impose
2  unnecessary expenses and burdens on other parties) may expose the Designating
3  Party to sanctions.

4        If it comes to a Designating Party's attention that information or items that it
5  designated for protection do not qualify for protection, that Designating Party must
6  promptly notify all other Parties that it is withdrawing the inapplicable designation.

7        5.2    Manner and Timing of Designations.  Except as otherwise provided in
8  this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise
9  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
10 under this Order must be clearly so designated before the material is disclosed or
11 produced.

12       Designation in conformity with this Order requires:

13       (a)    for information in documentary form (e.g., paper or electronic
14 documents, but excluding transcripts of depositions), that the Producing Party affix
15 at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL
16 legend"), to each page that contains protected material.  If only a portion or portions
17 of the material on a page qualifies for protection, the Producing Party also must
18 clearly identify the protected portion(s) (e.g., by making appropriate markings in the
19 margins).

20       A Party or Non-Party that makes original documents available for inspection
21 need not designate them for protection until after the inspecting Party has indicated
22 which documents it would like copied and produced.  During the inspection and
23 before the designation, all of the material made available for inspection shall be
24 deemed "CONFIDENTIAL."   After the inspecting Party has identified the
25 documents it wants copied and produced, the Producing Party must determine which
26 documents, or portions thereof, qualify for protection under this Order.  Then, before
27 producing  the  specified  documents,  the  Producing  Party  must  affix  the
28 "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a

1  portion or portions of the material on a page qualifies for protection, the Producing
2  Party also must clearly identify the protected portion(s) (e.g., by making appropriate
3  markings in the margins).

4       (b)    for testimony given in depositions that the Designating Party identifies
5  on the record, before the close of the deposition as protected testimony.

6       (c)    for information produced in some form other than documentary and for
7  any other tangible items, that the Producing Party affix in a prominent place on the
8  exterior of the container or containers in which the information is stored the legend
9  "CONFIDENTIAL."  If only a portion or portions of the information warrants
10  protection, the Producing Party, to the extent practicable, shall identify the protected
11  portion(s).

12       5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent
13  failure to designate qualified information or items does not, standing alone, waive
14  the Designating Party's right to secure protection under this Order for such material.
15  Upon timely correction of a designation, the Receiving Party must make reasonable
16  efforts to assure that the material is treated in accordance with the provisions of this
17  Order.

18  6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

19       6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a
20  designation of confidentiality at any time that is consistent with the Court's
21  Scheduling Order.

22       6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute
23  resolution process under Local Rule 37-1 et seq.

24       6.3   The burden of persuasion in any such challenge proceeding shall be on
25  the Designating Party. Frivolous challenges, and those made for an improper
26  purpose (e.g., to harass or impose unnecessary expenses and burdens on other
27  parties) may expose the Challenging Party to sanctions. Unless the Designating Party
28  has waived or withdrawn the confidentiality designation, all parties shall continue to

1  afford the material in question the level of protection to which it is entitled under the
2  Producing Party's designation until the Court rules on the challenge.

3  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

4        7.1    Basic Principles. A Receiving Party may use Protected Material that is
5  disclosed or produced by another Party or by a Non-Party in connection with this
6  Action only for prosecuting, defending, or attempting to settle this Action.  Such
7  Protected Material may be disclosed only to the categories of persons and under the
8  conditions described in this Order.   When the Action has been terminated, a
9  Receiving Party must comply with the provisions of Section 13 below.

10       Protected Material must be stored and maintained by a Receiving Party at a
11  location and in a secure manner that ensures that access is limited to the persons
12  authorized under this Order.

13       7.2    Disclosure of "CONFIDENTIAL" Information or Items.   Unless
14  otherwise ordered by the court or permitted in writing by the Designating Party, a
15  Receiving  Party  may  disclose  any  information  or  item  designated
16  "CONFIDENTIAL" only to:

17       (a)    the Receiving Party's Outside Counsel of Record in this Action, as well
18  as employees of said Outside Counsel of Record to whom it is reasonably necessary
19  to disclose the information for this Action;

20       (b)    the officers, directors, and employees (including House Counsel) of the
21  Receiving Party to whom disclosure is reasonably necessary for this Action;

22       (c)    Experts (as defined in this Order) of the Receiving Party to whom
23  disclosure  is  reasonably  necessary  for  this  Action  and  who  have  signed  the
24  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25       (d)    the court and its personnel;

26       (e)    court reporters and their staff;

27

28

1      (f)    professional jury or trial consultants, mock jurors, and Professional

2    Vendors to whom disclosure is reasonably necessary for this Action and who have

3    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4      (g)    the author or recipient of a document containing the information or a

5    custodian or other person who otherwise possessed or knew the information;

6      (h)    during their depositions, witnesses, and attorneys for witnesses, in the

7    Action to whom disclosure is reasonably necessary provided: (1) the deposing party

8    requests that the witness sign the "Acknowledgment and Agreement to Be Bound"

9    form attached as Exhibit A hereto; and (2) they will not be permitted to keep any

10   confidential information unless they sign the "Acknowledgment and Agreement to

11   Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party

12   or ordered by the court. Pages of transcribed deposition testimony or exhibits to

13   depositions that reveal Protected Material may be separately bound by the court

14   reporter and may not be disclosed to anyone except as permitted under this Protective

15   Order; and

16      (i)    any mediator or settlement officer, and their supporting personnel,

17   mutually agreed upon by any of the parties engaged in settlement discussions.

18

19   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

20        IN OTHER LITIGATION

21      If a Party is served with a subpoena or a court order issued in other litigation

22   that compels disclosure of any information or items designated in this Action as

23   "CONFIDENTIAL," that Party must:

24      (a)    promptly notify in writing the Designating Party. Such notification

25   shall include a copy of the subpoena or court order unless prohibited by law;

26      (b)    promptly notify in writing the party who caused the subpoena or order

27   to issue in the other litigation that some or all of the material covered by the subpoena

28

1   or order is subject to this Protective Order. Such notification shall include a copy of

2   this Protective Order; and

3         (c)     cooperate with respect to all reasonable procedures sought to be

4   pursued by the Designating Party whose Protected Material may be affected.

5         If the Designating Party timely seeks a protective order, the Party served with

6   the subpoena or court order shall not produce any information designated in this

7   action as "CONFIDENTIAL" before a determination by the court from which the

8   subpoena or order issued, unless the Party has obtained the Designating Party's

9   permission, or unless otherwise required by the law or court order. The Designating

10   Party shall bear the burden and expense of seeking protection in that court of its

11   confidential material and nothing in these provisions should be construed as

12   authorizing or encouraging a Receiving Party in this Action to disobey a lawful

13   directive from another court.

14   9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>

15         <u>PRODUCED IN THIS LITIGATION</u>

16         (a)     The terms of this Order are applicable to information produced by a

17   Non-Party in this Action and designated as "CONFIDENTIAL." Such information

18   produced by Non-Parties in connection with this litigation is protected by the

19   remedies and relief provided by this Order. Nothing in these provisions should be

20   construed as prohibiting a Non-Party from seeking additional protections.

21         (b)     In the event that a Party is required, by a valid discovery request, to

22   produce a Non-Party's confidential information in its possession, and the Party is

23   subject to an agreement with the Non-Party not to produce the Non-Party's

24   confidential information, then the Party shall:

25         (1)     promptly notify in writing the Requesting Party and the Non-

26   Party that some or all of the information requested is subject to a confidentiality

27   agreement with a Non-Party;

28

1        (2)    promptly provide the Non-Party with a copy of the Protective

2   Order in this Action, the relevant discovery request(s), and a reasonably specific

3   description of the information requested; and

4        (3)    make the information requested available for inspection by the

5   Non-Party, if requested.

6      (c)    If a Non-Party represented by counsel fails to commence the process

7   called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the

8   notice and accompanying information or fails contemporaneously to notify the

9   Receiving Party that it has done so, the Receiving Party may produce the Non-

10  Party's confidential information responsive to the discovery request.   If an

11  unrepresented Non-Party fails to seek a protective order from this court within 14

12  days of receiving the notice and accompanying information, the Receiving Party

13  may produce the Non-Party's confidential information responsive to the discovery

14  request. If the Non-Party timely seeks a protective order, the Receiving Party shall

15  not produce any information in its possession or control that is subject to the

16  confidentiality agreement with the Non-Party before a determination by the court

17  unless otherwise required by the law or court order.   Absent a court order to the

18  contrary, the Non-Party shall bear the burden and expense of seeking protection in

19  this court of its Protected Material.

20  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

21       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

22  Protected Material to any person or in any circumstance not authorized under this

23  Protective Order, the Receiving Party must immediately (a) notify in writing the

24  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

25  all unauthorized copies of the Protected Material, (c) inform the person or persons

26  to whom unauthorized disclosures were made of all the terms of this Order, and (d)

27  request such person or persons to execute the "Acknowledgment and Agreement to

28  Be Bound" that is attached hereto as Exhibit A.

1  11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
2       PROTECTED MATERIAL

3       When a Producing Party gives notice to Receiving Parties that certain
4  inadvertently produced material is subject to a claim of privilege or other protection,
5  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
6  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure
7  may be established in an e-discovery order that provides for production without prior
8  privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
9  parties reach an agreement on the effect of disclosure of a communication or
10 information covered by the attorney-client privilege or work product protection, the
11 parties may incorporate their agreement into this Protective Order.

12 12.  MISCELLANEOUS

13      12.1  Right to Further Relief. Nothing in this Order abridges the right of any
14 person to seek its modification by the Court in the future.

15      12.2  Right to Assert Other Objections. No Party waives any right it
16 otherwise would have to object to disclosing or producing any information or item
17 on any ground not addressed in this Protective Order. Similarly, no Party waives
18 any right to object on any ground to use in evidence of any of the material covered
19 by this Protective Order.

20      12.3  Filing Protected Material. A Party that seeks to file under seal any
21 Protected Material must comply with Civil Local Rule 79-5 and with any pertinent
22 orders of the assigned District Judge and Magistrate Judge, including any procedures
23 adopted under the Pilot Project for the Electronic Submission and Filing of Under
24 Seal Documents. Protected Material may only be filed under seal pursuant to a court
25 order authorizing the sealing of the specific Protected Material at issue. If a Party's
26 request to file Protected Material under seal is denied by the court, then the
27 Receiving Party may file the information in the public record unless otherwise
28 instructed by the court.

[PROPOSED] PROTECTIVE ORDER

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED _____

[PROPOSED] PROTECTIVE ORDER

1
2
_____

3   Attorneys for Plaintiffs

4

5

6   DATED _____12/12/16_____

7

8   _____

9   Attorneys for Defendants

10

11

12

13   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

14

15   DATED:  December 14, 2016

16   _____

17

18   Honorable Steve Kim
    United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

[~~PROPOSED~~] PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print   or   type   full   name],   of
_____ [print or type full address], declare under penalty of
perjury that I have read in its entirety and understand the Protective Order that was
issued by the United States District Court for the Central District of California on
_____ in the case of _____. I agree
to comply with and to be bound by all the terms of this Protective Order and I
understand and acknowledge that failure to so comply could expose me to sanctions
and punishment in the nature of contempt. I solemnly promise that I will not disclose
in any manner any information or item that is subject to this Protective Order to any
person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court
for the Central District of California for the purpose of enforcing the terms of this
Protective Order, even if such enforcement proceedings occur after termination of
this action.  I hereby appoint _____ [print or type full
name] of _____ [print or type full address
and telephone number] as my California agent for service of process in connection
with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

-15-
[PROPOSED] PROTECTIVE ORDER